## AS TO VALIDITY OF AN ANCIENT DEDICATION.

Circuit Court of Medina County.

EDITH P. MINTON ET AL V. THE VILLAGE OF SEVILLE.

Decided, October 14, 1912.

*Roads and Streets—No Dedication Under Act of March 3, 1831, Without Acknowledgment by Owners.*

No dedication of a parcel of land for street purposes can be established under the act of March 3, 1831, providing for the recording of town plats, where the records do not show any acknowledgment by the owners of the plat as made by the county surveyor.

*Frank Heath* and *Lee Elliott*, for plaintiffs in error.
*John C. Welty*, contra

WINCH, J.; MARVIN, J., and NIMAN, J., concur.

The aid of the court is invoked in this case to restrain the village of Seville from moving back the sidewalks in front of plaintiff's premises on Center street in the village and thus widening the traveled portion of the street.

To adjudicate the issues here involved it is necessary to determine the title to a strip of land about ten feet wide along the

east side of said street between the present sidewalk and the east line of Center street, as shown on a plat recorded in the office of the recorder of Medina county and purporting to be a plat of town lots in the town of Seville in the township of Guilford, county of Medina, and state of Ohio, made by the surveyor of said county in August, 1836, and acknowledged by certain individuals whose names are given on the plat.

The evidence satisfies us that plaintiffs have been in adverse possession of the strip of land in question long enough to obtain title thereto by prescription, under the rules of law, unless during all their possession this land has been part of a legally dedicated street.

The village claims a dedication for street purposes and offers the plat referred to as evidence thereof. We must therefore examine its evidences of title. If its title fails, the plaintiffs are entitled to the relief they seek.

The act of March 3, 1831, to provide for the recording of town plats (3 Chase's Statutes, 1846) was in force when the "town" of Seville was platted.

In the case of *Mitchell* v. *Treasurer*, 25 O. S., 143, the Supreme Court held, on page 154, that the first five sections of said act prescribe the mode of laying out towns on lands not embraced within the limits of cities or incorporated villages, and the sixth section of the act prescribes the mode of *laying out* lands within the corporate limits of cities and villages into lots, streets, etc., and of platting the same.

There is no evidence that Seville was incorporated as a village before 1853. The plat made in 1836 must, therefore, be governed by the first five sections of the act of 1831.

Section 1 of that act provides:

"That whenever any person wishes to lay out a town within this state, they shall cause the same to be surveyed, and a plat or map thereof made by the county surveyor, if any there be, of the county in which said town is situated; which plat or map shall particularly describe and set forth all the streets, alleys, commons or public grounds, and all in and out-lots, or fractional lots, within, adjoining or adjacent to said town, describing the same by courses, boundaries and extent."

The word "town" as used here, means a collection of habitations, its popular meaning, and not a municipal corporation, for we have never had a corporation under the name of "town" in the state of Ohio. That conclusion follows from a reading of Section 6 which *does* apply to plats in municipal corporations.

Section 2 of the act provides that the lots shall be numbered progressively and that dimensions be stated on the plat.

Section 3 provides for the planting of stones.

Section 4 provides:

"That the plat or map, after having been completed, shall be certified by the surveyor and acknowledged by the owner or owners of the town and recorded in the recorder's office of the county in which said town is situated."

Section 8 provides:

"That the map, when recorded, as required by this act, shall be deemed and considered in law a sufficient conveyance to vest the fee simple of all such parcels of land as are therein expressed, named or intended for public use, in the county in which the town is situated, for the uses and purposes therein named, expressed, or intended and for no other use or purpose whatever."

The plat of 1836 complies with all requirements of the act of 1831, if it was acknowledged "by the owner or owners of the town."

What is the evidence on that subject?

The deeds before us show that when the plat was made, one Chester Horner was the owner of three-fourths undivided interest in common in part of the land here in dispute, shown as part of Center street, and Elijah W. Harris was the owner of part of it, *and neither of them acknowledged the plat.*

The plat, then, was not acknowledged by all the "owners of the town" as required by Section 4 of the act of 1831, and was ineffectual to dedicate the streets shown thereon for street purposes.

Plaintiffs are not barred from claiming title by prescription under the rule that title to lands dedicated for street purposes can not be acquired by adverse possession, for these lands were never so dedicated.

It follows that plaintiffs are entitled to the relief they pray for and decree may be drawn accordingly.